CONNECTICUT MUT. LIFE INS. CO. (JARVIS v.). See Case No. 7.226.

CONNECTICUT MUT. LIFE INS. CO. (LORIE v.). See Case No. 8,509.

CONNECTICUT MUT. LIFE INS. CO. (MOORE v.). See Case No. 9,755.

## Case No. 3,108.

CONNECTICUT MUT. LIFE INS. CO. v. PLUMMER.

[See Case No. 3,106.]

CONNECTICUT MUT. LIFE INS. CO. (PLUMMER v.). See Case No. 11,232.

## Case No. 3,109.

CONNECTICUT MUT. LIFE INS. CO. v. TYLER et al.

[8 Biss. 369.][1]

Circuit Court, N. D. Illinois. Dec., 1878.

ASSUMPTION OF MORTGAGE BY GRANTEE—LIABILITY FOR DEFICIENCY.

1. An assignment by the mortgagor of his interest in the mortgaged premises, to a third party, who agrees to pay off the mortgage, will not prevent a deficiency decree being entered against him unless he has been released by the mortgagee.

[Cited in Jarboe v. Templer, 38 Fed. 216.]

2. And the acceptance by the mortgagee of a second mortgage upon the same premises, from such assignee, would not constitute a release of the first mortgagor from his personal liability to pay a deficiency.

[In equity. Bill by the Connecticut Mutual Life Insurance Company against James E. Tyler and others.]

Isham & Lincoln, for complainant.

Monroe, Bisbee & Ball, for defendants.

DRUMMOND, Circuit Judge. This is an application made for a decree, payable in money, for the balance that has been found due to the plaintiff, over and above the proceeds of the sales on mortgage foreclosures, in pursuance of the 92d rule in equity. This motion is opposed by the owner of one of the lots mortgaged, and which has been sold.

The facts are substantially as follows: There were four lots on Monroe street, in Chicago, and which for distinction we will call numbers 1, 2, 3, and 4. No. 1 was on the corner of Dearborn street and owned by Mr. Shepard. The estate of Albee owned No. 2, and Prickett & Drysdale 3 and 4. Shepard made a mortgage of his lot to the plaintiff. Prickett & Drysdale also made a mortgage of No. 3 to the plaintiff.

After these mortgages were made, Tyler purchased the whole of the four lots, of course subject to the mortgages made by Shepard, and by Prickett & Drysdale. He then mortgaged the whole of the four lots to the plaintiff. The plaintiff thus became the owner of three mortgages on the property, from Shepard, lot No. 1; from Prickett & Drysdale, lot No. 3, and from Tyler of all the lots, 1, 2, 3 and 4. The plaintiff filed a bill of foreclosure on all the mortgages in one suit, and obtained a decree, and the lots were sold separately. Lot No. 1 was sold and bid in by the plaintiff for about $8,000 less than the amount due on the Shepard mortgage. Lot No. 3 was bid in for a sum greater than was due on the Prickett & Drysdale mortgage; and the other lots were bid in at prices which caused a large deficiency on the Tyler mortgage. And the principal question is whether the plaintiff is entitled to a personal decree against Shepard for the full amount of the balance due on his mortgage.

It seems to me clear that the plaintiff is entitled to this money decree. It is said that there was a novation made by the parties, because Tyler purchased the property, subject to the two prior mortgages, and agreed to pay them off, and that when the mortgage was made by Tyler to the plaintiff, there was a ratification and recognition of the two mortgages already made. But there is nothing upon the face of the papers, or in the proofs to show that the plaintiff ever released Mr. Shepard from the obligation of his mortgage, and, of course, there could not be a novation unless there was a release of his obligation, and some other person substituted for the payment of what was due by him, for instance, Mr. Tyler; but there is nothing to show that the plaintiff agreed to look to Mr. Tyler for the payment of the Shepard mortgage, and to release the latter. Consequently, one of the main elements of a novation was wanting in the case. The property having been sold for less than the amount of the debts due, the plaintiff is clearly entitled to a personal decree against Mr. Shepard, and also against Mr. Tyler for the balance due. The 92d rule in equity, under which this motion is made, authorizes a personal decree against the mortgagor for the balance due above the price paid on the sale of the property in a foreclosure case; and consequently under the facts in this case, the plaintiff is entitled to the decree which he asks against Mr. Shepard and Mr. Tyler respectively.

CONNECTICUT MUT. LIFE INS. CO. (WHITE v.). See Case No. 17,545.

CONNECTICUT MUT. LIFE INS. CO. (WOLF v.). See Case No. 17,924.

CONNECTICUT MUT. LIFE INS. CO. (WOLFF v.). See Case No. 17,929.

CONNECTICUT PEAT CO. (LEAVITT v.). See Case No. 8,170.

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]